YRP:me

**NIGHT BOX FILED**

SEP 2 6 1997

CARLOS JUENKE
CLERK, USDC / SDFL / FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. 97-375-CR-ZLOCH(s) |
| ) | |
| v. ) | |
| ) | **GOVERNMENT'S PROPOSED** |
| PETER HARGITAY, et al. ) | **VOIR DIRE QUESTIONS** |
| _____ ) | |

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the United States respectfully requests that the following voir dire questions be asked during jury selection, in addition to the standard questions asked by this Court in criminal trials.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
YVETTE RHODES PRESOCTT
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0508527
99 N.E. 4th Street, Suite 700
Miami, Florida 33132
Tel: (305) 536-6524



## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

1. Have any of you, your relatives or your close friends had any contact with law enforcement officials which might prejudice you against law enforcement?

2. Have you, any of your relatives, or any of your close friends had any contact with the Drug Enforcement Administration or any other government agency that would cause you to be prejudiced against the government?

3. Does any member of the prospective jury hold a philosophical or religious belief which would make it difficult to sit in judgment of another human being?

4. Do each of you understand that regardless of any personal feelings or opinions you have about this case, that you must accept the law regarding it from the Court?

5. Will each of you follow this rule?

6. Does any member of the prospective jury oppose the government using informants to investigate criminal activity?

7. Does any member of the prospective jury conscientiously disagree with the laws that prohibit the use of cocaine?

8. Does any member of the prospective jury believe that a person should be able to make his or her own choice as to whether he or she wishes to use and/or distribute illegal drugs such as cocaine?

9. Do each of you understand that, regardless of any personal feelings or opinions you have about this case, you must accept the law regarding it from the Court?

10. Will each of you follow this rule?

11. Do each of you understand that you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the Government?

12. Do each of you promise to follow this rule?

13. Do you or any of your close friends or relatives work in any drug treatment center or programs? If so,

    a. What program?

    b. What type of drug abuse is treated by the center?

    c. Would that work tend to influence you one way or another in your consideration of this case.

14. Has any member of the prospective jury, or their close friends or relatives, ever been treated for drug or alcohol abuse?

    a. What type of substance was involved?

    b. Would that experience tend to influence you one way or another in our consideration of this case?

15. Have you or any of your relatives or close friends ever:

    a. been investigated for the use of cocaine or any other drug?

    b. been stopped and searched for cocaine or any other drug?

16. Have you, or any of your relatives or close friends ever been arrested? If so, what were the circumstances?

    a. If any potential juror answers this question in the affirmative, the government respectfully requests that the Court question the potential juror regarding the

        circumstances, in private, at the bench, so as to avoid embarrassment to the potential juror.

17. Have you, or any of your relatives or close friends ever been charged with or convicted of a criminal offense?

    a. If any potential juror answers this question in the affirmative, the government respectfully requests that the Court question the potential juror regarding the circumstances, in private, at the bench, so as to avoid embarrassment to the potential juror.

18. Do you, any of your relatives or close friends now have, or expect to have, a case or claim against, or a dispute with the United States?

19. Have you or any member of your family ever been the victim of a crime? What type of crime? Were you satisfied with the way the police handling of the matter? The prosecutor? The Court?

20. Your duty, as jurors, is to judge guilt or innocence based upon the evidence. It is my duty, as judge, to determine punishment if you vote guilty. The law does not permit you to consider the issue of punishment because there are factors having nothing to do with this trial which will determine lenience or harshness. Is there anybody here who would vote "Not Guilty" no matter what the evidence indicates, merely because of a belief that a conviction for this crime may result in a prison sentence, even though you do not know whether it will or not?

21. The law requires that your verdict be based on the facts as you find them to be from the evidence. The law does not permit you to consider any emotion such as sympathy, prejudice,

vengeance, fear or hostility. Is there anybody here who feels that he or she cannot put these emotions out of his or her mind when deliberating on a verdict?

22. The Assistant United States Attorney expects to call the following witnesses on behalf of the government. [Attorney or Court should read the witness list]. Do any of you know any of these individuals?

23. If the United States proves the guilt of the defendant beyond a reasonable doubt as to each of the crimes charged, would any of you have any difficulty in returning a verdict of guilty?

24. The defendant in this case is Peter Jozef Hargitay. Do you or any members of your family or any of your close friends, to the best of your knowledge, know the defendant?

25. The government is represented by Yvette Prescott in this case, and the defendant is represented by David Rowe. Do you or any members of your family or any of your close friends, to the best of your knowledge, know either of these lawyers?

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was faxed and mailed this 28th day of September, 1997 to: David Rowe (Counsel for Hargitay), 18800 N.W. Second Avenue, Suite 105 A-C, Miami, Florida 33169..

Yvette Rhodes Prescott
ASSISTANT UNITED STATES ATTORNEY